USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 6/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNESTO ZARAGOSA-SOLIS III,

                Petitioner,

-against-

FEDERAL BUREAU OF PRISONS,

                Respondent.

24-CV-2901 (ALC)

ORDER TO ANSWER, 28 U.S.C. § 2241

---

ANDREW L. CARTER, JR, United States District Judge:

      Six federal prisoners and one non-prisoner brought this *pro se* action, styled as a civil rights complaint, against the United States Bureau of Prisons ("BOP"). They alleged that after they communicated with a reporter from the New York media outlet, *The Marshall Project*, for an article on prison rape, the BOP subjected the prisoners to "severe retaliation." Plaintiffs sought only declaratory and injunctive relief. Plaintiffs also mentioned that their Freedom of Information Act ("FOIA") and Privacy Act requests, seeking unspecified information, were ignored, but the complaint did not seek relief in connection with such claims. By order dated April 16, 2024, Chief Judge Laura Taylor Swain severed each plaintiff's claims and directed the Clerk of Court to open separate civil actions for each plaintiff. Ernesto Zaragosa-Solis III, who is currently incarcerated in USP Coleman II in Florida is the sole plaintiff in this action.

      For the reasons set forth below, the Court dismisses without prejudice Plaintiff Zaragosa-Solis III's claims under the FOIA and Privacy Act, and recharacterizes the complaint as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. By separate order, the Court grants Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## DISCUSSION

**A.     Claims under the FOIA and Privacy Act**

Plaintiff alleged that the BOP ignored requests made under "FOIA/PA," which the Court understands to be the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552(a). (*See* ECF 1, at 4.) Federal courts can enforce rights under the FOIA if a requester shows that "an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

A FOIA request must reasonably describe the agency records of interest. *See* 5 U.S.C. § 552(a)(3)(A)(i); *Jabar v. DOJ*, No. 22-226, 2023 WL 2169960, at *3 (2d Cir. Feb. 23, 2023) ("The statute requires that agencies search for and promptly make available records in response to requests that reasonably describe the records sought.")."For requested materials to qualify as agency records, two requirements must be satisfied: (i) an agency must either create or obtain the requested materials, and (ii) the agency must be in control of the requested materials at the time the FOIA request is made." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 479 (2d Cir. 1999) (internal quotation marks and citations omitted).

Here, Plaintiff has not described the records requested or alleged any facts suggesting that any such records meet the definition of "agency records" or that they were improperly withheld. Plaintiff's allegations are therefore at this stage insufficient to plead a violation of rights under the FOIA, and the Court dismisses the FOIA claims without prejudice to his repleading them in a separate action.

The Privacy Act provides agencies with "detailed instructions for managing their records and provides for various sorts of civil relief to individuals aggrieved by failures on the Government's part to comply with the requirements." *Doe v. Chao*, 540 U.S. 614, 618 (2004). Among other avenues for relief, the Privacy Act creates a cause of action for any "adverse effect" from a "failure [by an agency] to hew to the terms of Act." 5 U.S.C. § 552(g)(1)(D); *see also* § 552a(g)(1)(A)-(D) (describing other instances where an individual may bring a claim against a government agency under the Privacy Act).

Here, the complaint alleged no facts explaining how the events described in the complaint implicate Plaintiff's rights under the Privacy Act. Plaintiff thus fails to state a claim under the Privacy Act, and the Court dismisses any Privacy Act claims without prejudice to Plaintiff's repleading them in a separate action.

**B.      Recharacterization as a Section 2241 petition**

Plaintiff brought this action as a civil rights complaint, but the doctrine of liberal construction of *pro se* pleadings obligates the Court to construe the submission to raise the strongest claim it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) ("It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to.").

The Second Circuit has previously held a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is available, and may be the preferred avenue, for federal prisoners seeking to challenge the execution of their sentences, including their conditions of confinement. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("[T]o the extent Thompson was

seeking injunctive relief from federally imposed conditions of confinement . . ., we understand neither why the district court believed that the claim should have been styled a civil rights complaint rather than a petition under § 2241 for a writ of *habeas corpus*, nor what sort of civil rights claim the court envisioned."); *Acevedo v. Capra*, 545 F. Supp. 3d 107, 117 (S.D.N.Y. 2021) ("Because Thompson was a federal prisoner, a remedy under § 1983 was categorically unavailable to him. As a result, longstanding Second Circuit precedent indicated that he could challenge those conditions pursuant to § 2241, which our Court of Appeals has interpreted as covering such claims."); *Holloway v. Wolcott*, No. 20-CV-6329 (FPG), 2020 WL 3172772, at *2 (W.D.N.Y. June 15, 2020) ("[T]he Second Circuit has specified that conditions of confinement claims by federal prisoners relate to the execution of their sentences.").[1]

Because Plaintiff challenges his conditions of confinement, including telephone and mail restrictions that were allegedly imposed in retaliation for the exercise of First Amendment rights, the Court deems this action a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 and directs the BOP to answer the petition.[2]

---

[1] In some circuits, challenges to conditions of confinement cannot be brought in a Section 2241 petition. *See Camacho Lopez v. Lowe*, 452 F. Supp. 3d 150, 159 (M.D. Pa. 2020) ("[A] split has developed as to whether *habeas corpus* provides a remedy for a conditions-of-confinement claim that does not implicate the fact, duration, or execution of the petitioner's confinement. Several circuits have held that these claims may be raised in a *habeas* petition.").

[2] Generally, where the limitation on successive *habeas* petitions may be implicated, the court must provide a prisoner with notice and an opportunity to withdraw before recharacterizing an action as a *habeas* petition. *Simon v. United States*, 359 F.3d 139, 143-44 (2d Cir. 2004). While the Second Circuit has not clearly defined "what constraints, if any, apply to the filing of a second or successive § 2241 petition," *id.* at 144, its decisions suggest that the restrictions do not apply when a Section 2241 petitioner is challenging the execution of a sentence or conditions of confinement, *see James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) (holding that a state prisoner's challenge to the execution of his sentence, brought under 28 U.S.C. § 2241, did not implicate the limitation on successive petitions); *see also Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) (characterizing Section 2241 petitions in *dicta* as "free of [gatekeeping] limitations"). Because Plaintiff is challenging his conditions of confinement, the Court may recharacterize the submission as a Section 2241 petition without providing notice and an opportunity to withdraw.

## CONCLUSION

The Court dismisses without prejudice the FOIA and Privacy Act claims.

The complaint is construed as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this order has been issued.

Within 60 days of the date of this order, the U.S. Attorney's Office shall file an answer or other pleadings in response to the petition. Plaintiff may file reply papers, if any, within 30 days from the date he is served with Respondent's answer.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 17, 2024
         New York, New York

_____
ANDREW L. CARTER, JR
United States District Judge

5